IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21 C 536 |
| | ) |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A," | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Oakley, Inc. has sued a large number of Internet sellers of knockoff products that allegedly infringe its design patent. The Court ordered Oakley to show cause why the case should not be dismissed under 35 U.S.C. § 299 on the basis that it had improperly joined multiple infringers in a single action. *See Oakley, Inc. v. Partnerships and Unincorporated Ass'ns Identified on Schedule A*, No. 21 C 536, 2021 WL 308882 (N.D. Ill. Jan. 30, 2021). Oakley has filed a response to the show-cause order. The Court rules as follows.

1. Oakley suggests that section 299, which was adopted as part of the America Invents Act, is targeted only at plaintiffs who are non-practicing entities. *See* Resp. at 2. That may be what (or part of what) motivated Congress to adopt the statute, but section 299 is *not* limited to non-practicing entities. It expressly applies to "any civil action arising under any Act of Congress relating to patents," 35 U.S.C. § 299(a), no matter who the plaintiff is.

2. The Court does not agree with Oakley's apparent contention that a bare allegation that multiple sellers are selling similar allegedly infringing products constitutes "a series of transactions or occurrences" within the meaning of section 299(a)(1). If the contrary were true, as Oakley seems to contend, it would render the statutory requirement meaningless. Rather, it would appear that more is required: for example, actions in concert or connections among the multiple defendants. *See generally Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002) (considering similar language in Fed. R. Civ. P. 20(a) and discussing relevant factors). Oakley made allegations along these lines in its complaint, but the allegations were conclusory, unsupported by factual allegations, and made "on information and belief" without sufficiently identifying the *basis* for the information and belief.

3. In its response to the show-cause order, Oakley now offers evidence, supported by affidavit, indicating that the sellers are all using the same or similar marketing strategies and the same of similar tactics to avoid enforcement efforts; their online "stores" often share unique identifiers; *and* they appear to be selling the exact same product, indicating that they all obtained it from one or a few common suppliers. In the Court's view, this evidence, taken together, suffices to satisfy the "series of transactions or occurrences" requirement of section 299(a)(1), at least for purposes of the show-cause order. But the Court should not have had to issue a show-cause order to get this additional factual information, particularly in the post-*Bell Atlantic Corp. v. Twombly* environment. In future complaints of this type, Oakley would be well-advised to include such allegations in its complaint, if it is able to make them consistent with Federal Rule of Civil Procedure 11.

2

4. The same evidence submitted in response to the show-cause order also suffices, for present purposes, to satisfy section 299(a)(1)'s requirement that multiple named defendants are selling "the same accused product or process."

## Conclusion

For the reasons described above, the Court discharges the order to show cause and will proceed to rule on Oakley's pending motions.

Date: March 6, 2021

_____
MATTHEW F. KENNELLY
United States District Judge